COUNCIL 29, AFSCME v BOARD OF EDUCATION OF THE
GENESEE INTERMEDIATE SCHOOL DISTRICT

1. ADMINISTRATIVE LAW—ADMINISTRATIVE AGENCIES—JURISDICTION.
   Administrative agencies and tribunals have been created with
   power to hear complaints regarding their respective agency
   actions.

2. LABOR RELATIONS—COLLECTIVE BARGAINING—BARGAINING AGENT—
   QUESTION OF REPRESENTATION—BARGAINING UNIT—EMPLOY-
   MENT RELATIONS COMMISSION—COURTS.
   Employee representation falls within the authority of the Em-
   ployment Relations Commission and it is for this administra-
   tive agency, not a court, to decide whether a question of
   representation exists when an employer declines to recognize
   the employees' bargaining agent, whether an election shall be
   held for determining the bargaining agent, and what bargain-
   ing unit is appropriate for the employees (MCLA 423.212,
   423.213).

3. LABOR RELATIONS—COLLECTIVE BARGAINING—BARGAINING AGENT—
   QUESTION OF REPRESENTATION—EMPLOYMENT RELATIONS COM-
   MISSION—EXHAUSTION OF ADMINISTRATIVE REMEDIES—COURTS.
   A union which was designated as bargaining agent in a collective
   bargaining agreement and which a successor employer refused
   to recognize as the employees' agent should have filed a pe-
   tition on behalf of the employees with the Employment Rela-
   tions Commission stating that the employer declined to recog-
   nize it; failure to file such a petition was a failure to exhaust
   the administrative remedies under the available statutes and,
   therefore, precluded a circuit court from hearing a suit by the
   union to enforce the terms of the collective bargaining agree-
   ment (MCLA 423.212, 423.213).

Appeal from Genesee, Thomas C. Yeotis, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Administrative Law § 23 et seq.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations §§ 648–650.

mitted Division 2 January 4, 1974, at Lansing. (Docket Nos. 15478, 16095.) Decided March 7, 1974.

Complaint by Council 29, AFSCME, and Local 1918, Chapter C, AFSCME, against the Board of Education of the Genesee Intermediate School District, the Genesee County Community Mental Health Board, and the State Department of Education to enforce a collective bargaining agreement which designated plaintiff as bargaining agent. Summary judgment of dismissal in favor of defendant Department of Education. Judgment for plaintiff against defendants Board of Education of the Genesee Intermediate School District and the Genesee County Community Mental Health Board. Defendant Board of Education appeals by leave granted. Reversed.

*Charles A. Forrest, Jr.,* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Thomas J. Nordberg* and *Joe D. Mosier),* for defendant Board of Education of the Genesee Intermediate School District.

Before: LESINSKI, C. J., and HOLBROOK and BASHARA, JJ.

PER CURIAM. This appeal is concerned with collective bargaining representation. Prior to July 1, 1972, plaintiff union was the certified bargaining agent for the employees of the Genesee County Community Health Service. The county agency was operating a program for retarded children in accordance with a yearly contract between itself and the State Department of Mental Health. The collective bargaining agreement between the union

and the county agency, however, was to cover a three-year period ending December 31, 1973.

During the latter part of 1971 it became evident that the funding by the Department of Mental Health would be discontinued in June of 1972. After July 1, 1972, the program ceased to be funded by the State Mental Health Department, but continued in operation with funds supplied by the Michigan Department of Education through the Genesee Intermediate School District.

Following the July 1, 1972 change in funding, defendant school district refused to honor the pre-July 1, 1972 contract and would not permit plaintiff union to act on behalf of the teacher employees as bargaining agent. On August 3, 1972, plaintiff filed a complaint in the Genesee County Circuit Court alleging that they had exhausted their administrative remedies and requesting that the collective bargaining contract be enforced.

In a nonjury decision, the court held that defendant school district was a successor employer and since a contract issue was presented, the court had jurisdiction to hear and decide the suit. Defendants were enjoined from violating the terms of the contract, and now appeal.

Defendants first allege error by the court in hearing the suit when plaintiff had failed to exhaust its statutory administrative remedies.[1] Defendants assert that they refused to recognize plaintiff union as the bargaining agent because of a good faith doubt that plaintiff represented a majority of people in the claimed unit and for the reason that other similar units of teachers existed and were represented by a different agent.

Administrative agencies and tribunals have been created with power to hear complaints regarding

---

[1] MCLA 423.212 *et seq.;* MSA 17.455(12) *et seq.*

their respective agency actions. Employee representation falls within the authority of the Michigan Employment Relations Commission. See *Hospital Employees' Division of Local 79, Service Employees' International Union, AFL-CIO v Flint Osteopathic Hospital,* 390 Mich 635; 212 NW2d 897 (1973).

MCLA 423.212; MSA 17.455(12) provides that whenever a petition is filed on behalf of employees stating that an employer has declined to recognize the employees' agent, upon a finding that a question of representation exists, an election shall be held for determining the appropriate bargaining agent. In this case a question of representation does exist. It is for the administrative agency, not the court, to decide what bargaining unit is appropriate for these employees. MCLA 423.213; MSA 17.455(13).

We hold, therefore, that plaintiffs' petition should have been filed with the board. Plaintiffs failed to exhaust their administrative remedies under the available statutes and have no recourse in the circuit court.

Reversed.